# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| JACK L. VIRTS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:12-07780 |
| DENNIS W. FOREMAN, *et al.*, | ) |
| Defendants. | ) |

### PROPOSED FINDINGS AND RECOMMENDATION

On November 15, 2012, Plaintiff, acting *pro se* and incarcerated at Stevens Correctional Center, in Welch, West Virginia, filed his Application to Proceed Without Prepayment of Fees and Complaint claiming entitlement to relief pursuant to 42 U.S.C. § 1983.[1] (Document Nos. 1 and 2.) In his Complaint, Plaintiff names the following as Defendants: (1) Dennis W. Foreman, Chairman of the West Virginia Parole Board; (2) Jim Rubinstein; and (3) West Virginia Parole Board Members. (Document No. 2, p. 4.) First, Plaintiff alleges that "due to his crime and conviction involving a woman and a domestic dispute, he was discriminated against by the Parol panel which consisted of all women." (Id., p. 6.) Plaintiff complains that Parole Board improperly determined that he lacked "a sufficient home plan." (Id.) Plaintiff argues that the Parole Board's denial of parole is "the reason for the overcrowding in the prison system." (Id.) Plaintiff complains that he was subjected to slander and defamation of his character by members of the Parol Board. (Id.)

Second, Plaintiff alleges that Defendant Dennis Foreman "refuses to investigate the abuse and neglect applied by the Parole Board and its members and refuses to investigate appeals and requests

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

for reconsideration after parole hearings." (Id., p. 7.) Plaintiff, therefore, complains that Defendant Foreman subjected him to discrimination, defamation of his character, and cruel and unusual punishment. (Id., pp. 7 - 8.)

Finally, Plaintiff complains Defendant "Rubenstein allows the Plaintiff and other inmates to be subjected to cruel and unusual punishment, food deprivation and unsanitary living conditions in correctional facilities in West Virginia." (Id., p. 7.) Plaintiff further complains that Defendant Rubenstein "uses the grievance procedure to his advantage by not investigating the acts applied to inmates." (Id.) As relief, Plaintiff requests his immediate release from custody and monetary damages. (Id., p. 9.)

**STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

**DISCUSSION**

**1.    Failure to Exhaust:**

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies prior to filing civil actions though the administrative process may not afford them the relief they might obtain through civil proceedings.[2] Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1820,149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). Exhaustion of administrative remedies is also required when injunctive relief is requested. Goist v. U.S. Bureau of Prisons, 2002 WL 32079467, *4, fn.1 (D.S.C. Sep 25, 2002), *aff'd*, 54 Fed.Appx. 159 (4th Cir. 2003), *cert. denied*, 538 U.S. 1047, 123 S.Ct. 2111, 155 L.Ed.2d 1088 (2003). "[T]here is no futility exception to the PLRA's exhaustion requirement." Massey v. Helman, 196 F.3d 727, 733 (7th Cir. 1999). But the plain language of the statute requires that only "available" administrative remedies be exhausted. A grievance procedure is not "available" if prison officials prevent an inmate from using it. Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004); Mitchell

---

[2] 42 U.S.C. § 1997e(a) provides as follows:

No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

3

v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)(inmate lacked available administrative remedies for exhaustion purposes where inmate was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)(allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies.)

If an inmate exhausts administrative remedies with respect to some, but not all, of the claims he raises in a Section 1983, Bivens or FTCA action, the Court must dismiss the unexhausted claims and proceed with the exhausted ones. See Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 913, 166 L.Ed.2d 798 (2007)("The PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint. * * * If a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad.") It appears to be the majority view as well that exhausting administrative remedies after a Complaint is filed will not save a case from dismissal. See Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001)(*overruled on other grounds*), a Section 1983 action, citing numerous cases. The rationale is pragmatic. As the Court stated in Neal, allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. Moreover, if during the pendency of a suit, the administrative process were to produce results benefitting plaintiff, the federal court would have wasted its resources adjudicating claims that could have been resolved within the prison grievance system at the outset. Neal, 267 F.3d at 123. In Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999), the Court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court.. . .The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." Thus, the PLRA requires that available administrative remedies must

be exhausted before the filing of a suit in Federal Court. It is further clear that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. See Jones v. Bock, supra; Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 677 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. Prison officials have the burden of proving that the inmate had available remedies which he did not exhaust. See Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004)("Although exhaustion of administrative remedies is a precondition to a federal prisoner filing a Bivens suit, [citations omitted] failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving." (Citations omitted)) The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies. The Fourth Circuit stated in Anderson, 470 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

The West Virginia Regional Jail Authority makes available to its inmates a grievance procedure through which they may seek review of complaints related to the conditions of their confinement. Under this procedure, inmates must first submit a grievance to the Administrator of the facility in which they are confined. Upon receipt of the grievance, the Administrator may reject the grievance if it appears on its face to have been filed in bad faith, or if other administrative procedures exist that have not been utilized. If the grievance is rejected, the Administrator must advise the inmate of the rejection. If the grievance is not rejected, the Administrator may assign a staff member to investigate the complaint. Such staff is then required to submit a written report within forty-eight (48) hours. Within two days of receipt of the written report, the Administrator must provide a written

decision which identifies the action taken, the reasons for the action, and the procedures that must be followed to properly appeal the decision. If the Administrator's response is unfavorable, the inmate may appeal to the Chief of Operation within five days of the receipt of the Administrator's decision. Upon receipt of an appeal, the Chief of Operations must immediately direct the Administrator to forward copies of all information relating to the inmate's grievance within two business days. The Chief of Operations may direct an investigation of the report be conducted and a written report be submitted within 15 days. Within 10 days of receiving all of the information related to the grievance, the Chief of Operations must provide a written decision which identifies the corrective action taken or the reasons for denying the grievance. If the Chief of Operations' response is unfavorable, the inmate may appeal to the Office of the Executive Director within five days of receipt of the Chief of Operations' response. To do so, the inmate must mail to the Executive Director, copies of the original complaint and all of the responses thereto. The Office of the Executive Director must respond to an inmate's appeal within 10 days of receiving all the information. Unless the inmate has been notified of an extension of time for a response, the inmate may move to the next stage of the grievance process if the inmate does not receive a response at the expiration of the time limit at any stage of the process. The grievance process must be concluded within 60 days, inclusive of any extensions.

In his Complaint, Plaintiff acknowledges that he did not fully exhaust his administrative remedies. (Document No. 2, p. 3.) Plaintiff appears to contend that he was not required to exhaust his administrative remedies because the West Virginia Regional Jail Authority "has no jurisdiction" over his claims. (Id.) Plaintiff complains that he was subjected to "food deprivation and unsanitary living conditions," which resulted in cruel and unusual punishment. Thus, Plaintiff is clearly complaining about the conditions of his confinement. As stated above, the West Virginia Regional Jail Authority makes available to its inmates a grievance procedure through which they may seek

review of complaints related to the conditions of their confinement. Plaintiff, however, filed his Complaint without first exhausting his administrative remedies pursuant to the PLRA. To the extent Plaintiff is complaining about the conditions of his confinement, the undersigned recommends that Plaintiff's Complaint be dismissed in view of his failure to exhaust his administrative remedies.

**2.     Immunity of Parole Board Members:**

Plaintiff alleges that Defendant Foreman and Parole Board members improperly denied him parole. It is well established that quasi-judicial immunity protects parole board members from civil damages with regard to their consideration of parole. Pope v. Chew, 521 F.2d 400, 405 (4th Cir. 1975)("Parole Board members have been held to perform a quasi-judicial function in considering applications for parole and thus to be immune from damages in § 1983 actions."); also see Douglas v. Muncy, 570 F.2d 499 (4th Cir. 1978); Parkulo v. West Virginia Board of Probation and Parole, 199 W.Va. 161, 483 S.E.2d 507 (1997). Accordingly, the undersigned finds that Defendant Foreman and the Parole Board members are entitled to immunity.

**3.     Request for Injunctive Relief is Moot:**

To the extent Plaintiff is requesting injunctive relief in the form of his release from custody, Plaintiff's request should be denied as moot. The West Virginia Division of Corrections' "Offender Search" indicates that Plaintiff has been released from custody. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. "It has long been settled that a federal court has no authority to 'give opinions

upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of California v. United States, 506 U.S. 9, 12, 113 S.Ct. 447, 449, 121 L.Ed.2d 313 (1992), *quoting* Mills v. Green, 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293 (1895); Incumaa v. Ozmint, 507 F.3d 281, 285 - 286 (4th Cir. 2007). A change in an inmates circumstances from those which generated the inmate's request for injunctive relief by the inmate's transfer, release or change in custodial status will render his claim for injunctive relief moot unless the circumstances are capable of repetition. Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009)("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991)(Plaintiff's transfer mooted his Section 1983 claims for declaratory and injunctive relief but not claims for monetary damages.); Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987)("Because the prisoner has been transferred, his request for injunctive relief is moot."); Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983)(When an inmate seeking injunctive relief is released from custody, the inmate no longer maintains a "sufficient interest in the outcome of the requested relief to present a justiciable case or controversy."). Plaintiff's request for injunctive relief in the form of his release from custody became moot upon his release. Accordingly, Plaintiff's claim for injunctive relief should be denied as moot.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 1), **DISMISS** Plaintiff's Complaint (Document No. 2), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: October 27, 2015.

R. Clarke VanDervort
United States Magistrate Judge